UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RICHARD BELL et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 3:10-cv-00444-RCJ-RAM |
| vs. | ) | |
| | ) | |
| RECONTRUST CO., N.A. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This class action case arises out of the foreclosure of Plaintiffs' and putative class members' mortgages. Pending before the Court is a Motion to Dismiss (ECF No. 9). Defendants correctly note that the present action is duplicative, and the Court therefore grants the motion.

## I.   FACTS AND PROCEDURAL HISTORY

The following Plaintiffs are pursuing the present class action for violation of Nevada Revised Statutes section 107.080(2)(c): Richard Bell and Jewel Shepard (2190 Marsh Ave., Reno); Robert and Sally Kelley (1434 Golddust Dr., Sparks); Michael McKeon (1418 Purple Sage Dr., Gardnerville); Nigel Rudlin (821 Geraldine Dr., Incline Village); Shane Snyder (5383 Teton St., Reno); and Dimitritsa Toromanova (4174 Jacquline Way, Las Vegas). (Compl. ¶¶ 1–6, July 2, 2010, ECF No. 1-3, at 6). Each of these Plaintiffs has already filed his or her own separate action or joined as a named Plaintiff in a putative class action in this District asserting

the same claims they assert in this case with respect to the same properties. (*See* Compl. ¶¶ 38, 50, 56(c), Sept. 14, 2009, ECF No. 1 in *Dalton v. Citimortgage, Inc.*, No. 3:09-cv-00534-LDG-VPC (Michael McKeon, Nigel Rudlin, and Dimitritsa Toromanova); Compl. ¶ 3(c), (f), Nov. 6, 2009, ECF No. 1-2 in *Dalby v. Citimortgage, Inc.*, No. 3:09-cv-00659-RCJ-VPC (Shane Snyder, "Rick" Bell and Jewel Shepard); Compl. ¶ 1(a), Mar. 5, 2010, ECF No. 1-1, at 5 in *Kelley v. Genuine Title*, No. 3:10-cv-00192-RCJ-VPC (Robert and Sally Kelley)).

## II. LEGAL STANDARDS

A district court may dismiss duplicative lawsuits with prejudice:

> Adams filed her present complaint in an attempt to avoid the consequences of her own delay and to circumvent the district court's denial of her untimely motion for leave to amend her first complaint. However, as the Tenth Circuit stated in *Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*, "the fact that plaintiff was denied leave to amend does not give h[er] the right to file a second lawsuit based on the same facts." 296 F.3d 982, 989 (10th Cir.2002) (internal quotation marks omitted). Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."
>
> We find that Adams's later-filed complaint is duplicative of her earlier-filed complaint and, further, that given the circumstances of this case, the district court did not abuse its discretion in dismissing Adams's later-filed complaint with prejudice.

*Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2006) (citations omitted). To determine whether a complaint is duplicative of an earlier-filed complaint, a court asks whether the complaints list (1) the same causes of action; and (2) the same parties or privies. *Id.* at 688–91.

## III. ANALYSIS

First, the present case is based primarily on defects in foreclosure under section 107.080(2)(c). The previous actions filed by the respective Plaintiffs include various claims, including the same alleged defects in foreclosure. Second, some of the parties are the same. Although there are "surplus" parties in the cases, just as there are "surplus" claims, there is significant overlap of claims against Recontrust, Bank of America, and Countrywide, as

applicable, as illustrated in the following table:

| Case | Plaintiffs | Defendants | Claims |
| --- | --- | --- | --- |
| 3:10-cv-444 (this case) | Bell & Shepard Kelley & Kelley McKeon Rudlin Snyder Toromanova | Recontrust, Bank of America, Countrywide, and others | Injunctive and Declaratory Relief based on NRS 107.080(2)(c); Fraud in the Inducement; Unjust Enrichment; Bad Faith; Slander of Title |
| 3:09-cv-534 | McKeon Rudlin Toromanova | Recontrust, Bank of America, Countrywide, and others | Wrongful Foreclosure; Unjust Enrichment; Civil Conspiracy; Injunctive and Declaratory Relief based on NRS 107.080(2)(c) and for other reasons |
| 3:09-cv-659 | Snyder Bell & Shepard | Recontrust, Bank of America, Countrywide, and others | Wrongful Foreclosure; Fraud in the Inducement; Civil Conspiracy; Unjust Enrichment; Injunctive and Declaratory Relief, Reformation, and Quiet Title based on NRS 107.080(2)(c) and for other reasons |
| 3:10-cv-192 | Kelley & Kelley | Recontrust, Bank of America, and others | Wrongful Foreclosure; Fraud in the Inducement; Fraud; Civil Conspiracy; Unjust Enrichment; Injunctive and Declaratory Relief, Reformation, and Quiet Title based on NRS 107.080(2)(c) and for other reasons |

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 9) is GRANTED. All claims are dismissed as against all Defendants, except that Plaintiffs may amend to plead a promissory estoppel claim, as discussed at oral argument.

IT IS SO ORDERED.

Dated: This 30th day of March, 2011.

_____
ROBERT C. JONES
United States District Judge