UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RICHARD BELL et al., | ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 3:10-cv-00444-RCJ-RAM |
| RECONTRUST CO., N.A. et al., | ) ) | **ORDER** |
| Defendants. | ) ) | |

This class action case arises out of the foreclosure of Plaintiffs' and putative class members' mortgages. Pending before the Court is a Motion to Amend/Correct Complaint (ECF No. 49). For the reasons given herein, the Court denies the motion without prejudice.

**I.    FACTS AND PROCEDURAL HISTORY**

The following Plaintiffs are pursuing the present class action for violation of Nevada Revised Statutes section 107.080(2)(c): Richard Bell and Jewel Shepard (2190 Marsh Ave., Reno); Robert and Sally Kelley (1434 Golddust Dr., Sparks); Michael McKeon (1418 Purple Sage Dr., Gardnerville); Nigel Rudlin (821 Geraldine Dr., Incline Village); Shane Snyder (5383 Teton St., Reno); and Dimitritsa Toromanova (4174 Jacquline Way, Las Vegas). (Compl. ¶¶ 1–6, July 2, 2010, ECF No. 1-3, at 6). Each of these Plaintiffs has already filed his or her own separate action or joined as a named Plaintiff in a putative class action in this District asserting the same claims they assert in this case with respect to the same properties. (*See* Compl. ¶¶ 38,

50, 56(c), Sept. 14, 2009, ECF No. 1 in *Dalton v. Citimortgage, Inc.*, No. 3:09-cv-00534-LDG-VPC (Michael McKeon, Nigel Rudlin, and Dimitritsa Toromanova); Compl. ¶ 3(c), (f), Nov. 6, 2009, ECF No. 1-2 in *Dalby v. Citimortgage, Inc.*, No. 3:09-cv-00659-RCJ-VPC (Shane Snyder, "Rick" Bell and Jewel Shepard); Compl. ¶ 1(a), Mar. 5, 2010, ECF No. 1-1, at 5 in *Kelley v. Genuine Title*, No. 3:10-cv-00192-RCJ-VPC (Robert and Sally Kelley)). Because the present claims were duplicative of those filed in these other cases, the Court dismissed the claims, with leave to amend to plead a claim for promissory estoppel based on alleged offers of modification. (*See* Order, Mar. 30, 2011, ECF No. 48 (citing *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2006)).

## II. ANALYSIS

Plaintiffs have moved to amend the Complaint and have attached a proposed third amended complaint ("PTAC"). The PTAC lists a claim of "Breach of the Covenant of Good faith and fair dealing and/or Interference with Contractual Relations (Promissory Estoppel)." The claim as the Court granted leave to amend should read simply "Promissory Estoppel."

In the PTAC, Plaintiffs allege mainly predatory-lending-type allegations surrounding the initial loans. Like the previous version of the Complaint, the PTAC sounds in conspiracy and predatory lending, not in promissory estoppel. Only small parts of the common allegations of the PTAC contain allegations relevant to promissory estoppel: "Defendants seek to further capitalize profits by instructing homeowners to stop paying on their houses so a modification can be reached, when, in fact, Defendants intend to induce a default so they can take borrowers' houses in foreclosure." (PTAC ¶ 30, May 19, 2011, ECF No. 49-1). Under the promissory estoppel claim, Plaintiffs allege that Bank of America "told Plaintiffs to stop making the payments on the mortgage in order to qualify for a modification." (*id.* ¶ 39), despite the fact that "Bank of America had no intention of modifying the loans," (*id.* ¶ 42). Plaintiffs allege that Bank of America had its agents continue to communicate with Plaintiffs so they would continue

1  to believe that a loan modification was possible, but that in reality, they were proceeding to
2  foreclosure with no intention of modification. (*Id.* ¶ 43).
3      The Court will deny the present motion without prejudice. The PTAC sufficiently states
4  a promissory estoppel claim, but it still consists of mostly extraneous material concerning bad
5  faith and interference with contractual relations, which claims have been dismissed. Plaintiffs
6  must focus the PTAC on the promissory estoppel issue.

## CONCLUSION

8      IT IS HEREBY ORDERED that the Motion to Amend/Correct Complaint (ECF No. 49)
9  is DENIED without prejudice.
10     IT IS SO ORDERED.
11 Dated this 21st day of July, 2011.

_____
ROBERT C. JONES
United States District Judge