**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| RICHARD BELL et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 3:10-cv-00444-RCJ-WGC |
| vs. | ) | |
| | ) | |
| RECONTRUST CO., N.A. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This case arises out of the foreclosure of Plaintiffs' and putative class members' mortgages. The Court previously dismissed all claims, with leave to amend to amend to plead a promissory estoppel claim. The Fourth Amended Complaint ("4AC") lists five named Plaintiffs with grievances concerning four properties (the "Properties"). (*See* Fourth Am. Compl. ¶¶ 1–4, Jan. 4, 2012, ECF No. 59). Plaintiffs first recount their mortgages. (*See id.* ¶¶ 10–13). Plaintiffs allege that with respect to each of them, "Defendant Bank of America told Plaintiffs to stop making the payments on the mortgage in order to be considered for a modification." (*Id.* ¶ 20). "[Bank of America had no intention of modifying the loans . . . . [T]he true intention of Bank of America was to foreclose . . . the moment [Plaintiffs defaulted]." (*Id.* ¶ 23). "Bank of America continued to have the Plaintiffs communicate with its representatives and continue to believe that a modification of the loans was possible." (*Id.* ¶ 24). "[Meanwhile,] Bank of America was recording . . . notices of default . . . ." (*Id.* ¶ 25).

Defendants have asked the Court to dismiss the 4AC for failure to state a promissory estoppel claim because there is no clear promise alleged, the claim is not pled with particularity, and the claim is barred by the statute of frauds.

> To establish promissory estoppel four elements must exist: (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped.

*Pink v. Busch*, 691 P.2d 456, 459 (Nev. 1984) (quoting *Cheqer, Inc. v. Painters & Decorators Joint Comm., Inc.*, 655 P.2d 996, 998–99 (Nev. 1982)). Plaintiffs have not sufficiently pled promissory estoppel. Promissory estoppel need not be pled with particularity under Rule 9(b), but Plaintiffs must plead an actual promise. At oral argument, it became clear that Plaintiffs did not allege an actual promise to modify in any particular way, or even generally, but only that Defendants informed Plaintiffs that they could not obtain a modification unless they were in default.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 67) is GRANTED without prejudice.

IT IS SO ORDERED.

Dated this 30th day of July, 2012.

_____
ROBERT C. JONES
United States District Judge